**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER DENYING MOTIONS FOR** |
| Plaintiff, | ) | **RECONSIDERATION** |
| | ) | |
| vs. | ) | |
| | ) | Case No.: 1:21-cr-070 |
| Daquan Travis Dixon, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant is charged in an Indictment with one count of conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846, two counts of possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and one count of conspiracy to commit money laundering in violation of 18 U.S.C.§ 1956(h).  (Doc. No. 1).  Following a detention hearing on April 15, 2021, the court issued order conditionally releasing him at 4:00 p.m. on April 16, 2021, so that he could return to his residence in Flint, Michigan.  (Doc. No. 48).  The order provided in part that he was to  have no direct or indirect contact with any co-defendants.  (Id.).

On April 16, 2021, prior to defendant's scheduled release, the United States filed a motion to revoke defendant's conditional release on the ground  that he had violated the court's order by texting a co-defendant after the court had issued its order but before he had been released from custody to discuss their rendezvous upon his return to Flint.  (Doc. No. 58).  Attached to its motion as an exhibit were copies of defendant's text messages.  (Id.).  The court granted the United States' motion, revoked its order conditionally releasing defendant, and ordered that defendant was to remain in custody.  (Doc. No. 59).

1

On June 4, 2021, defendant filed a motion requesting to be release to a residential reentry facility.  (Doc. No. 80).   The court denied the motion without prejudice as there was not presently space available for defendant at a residential facility.  (Doc. No. 81).  The court, did, however, add defendant's name to the waiting list for a residential facility placement.  (Id.).

On July 26, 2021, defendant filed a motion requesting to be released subject to GPS location monitoring.  (Doc. No. 86).  Due to lack of bed space in this district, the United States Marshal in this district relocated a number of pretrial detainees, defendant included, to a detention center in Akron, Colorado.  Defendant asserted that his relocation to this detention center was hindering his ability to review discovery with counsel and otherwise assist in the preparation of his defense.  He further asserts that he is neither a danger nor a flight risk as evinced by his limited criminal history.

Finding that there had been no material change in defendant's circumstances, the court issued an order on July 29, 2021, denying defendant's motion for release subject to GPS monitoring.  (Doc. No. 89).

On August 12, 2021, defendant filed what the court construes as a motion for reconsideration of its July 29, 2021, order.  (Doc. Nos. 106).  Therein he reiterated his objection to being housed in Colorado, renewed his request for released subject to GPS monitoring, clarified where and with whom he would be residing if released, and requested that the court reopen the detention hearing. (Doc. Nos. 106, 109).  On August 24, 2021, defendant filed an amended motion for reconsideration of the court's July 29, 2021, order in which he advised the court of his prospects for gainful employment if released.  (Doc. No. 113).

On September 1, 2021, the United States filed a response in opposition to defendants'

motions for reconsideration. (Doc. No. 133). It asserts that there have been no material changes in defendant's circumstances to warrant reconsideration of the court's order. It further asserts that defendant's detention outside of the district does not constitute ground for either reversing the court's detention order or for reopening his detention hearing as the decisions on where to house detainees prior to trial are the bailiwick of the United States Marshal's Service.

The court has reviewed the record and finds there has been no material change in defendant's circumstances to reconsider its order or reopen the detention hearing. The least restrictive alternative to detention in this instant remains a placement at a residential facility. GPS location monitoring is not a viable option under the present circumstances. Defendant has demonstrated an inability to comply with this court's order; he flagrantly disregarded this court's April 15, 2021 order within hours of its issuance and made direct contact with a co-defendant. Given his actions, the court finds it unlikely that GPS location monitoring will have a deterrent effect much less safeguard against such conduct going forward.

The fact that defendant is presently being housed out-of-district by the United States Marshals Service does not constitute a basis for reconsideration of the court's detention order or for reopening defendant's detention hearing. Where defendant is housed pending trial is a matter a matter left to the discretion of the United States Marshals Service.

Pursuant to 18 U.S.C. § 4086, the Attorney General, "shall provide for the safe-keeping of any person arrested, or held under authority of any enactment of Congress pending commitment to an institution." The Attorney General has delegated authority to USMS regarding the custody of prisoners. See 28 CFR §§ 0.111(o), 0.111(k).

[¶3]   "It is well-settled that an inmate does not possess a constitutional liberty interest in remaining at a particular institution." Falcon v. U.S. Bureau of Prisons, 852 F. Supp. 1413, 1420 (S.D. Ill. 1994), aff'd, 52 F.3d 137 (7th Cir. 1995); see also Saunders v. United States, 502 F.Supp.2d 493, 496 (E.D.Va. 2007) ("This open-ended authority recognizes the Marshals Service's need to 'weigh concerns of expense,

3

administration, payment, access to the premises, and the veritable plethora of factors'" relative to placement.) (quoting Williams v. United States, 50 F.3d 299, 310 (4th Cir.1995)); Lyons v. Clark, 694 F. Supp. 184, 186 (E.D. Va. 1988), aff'd, 887 F.2d 1080 (4th Cir. 1989) ("The authority to designate the place of incarceration is squarely within the broad discretion of the Attorney General of the United States.").

(Doc. No. 755).

The court appreciates that defendant's detention out-of-district poses certain inconveniences for both parties. However, this is a matter for the United States Marshal to weigh and consider, not the court. The location of defendant's pretrial detention does not bear upon the issues of risk of non-appearance or danger to community that the court must consider when determining whether or not defendant is releasable.

Accordingly, defendant's motions for reconsideration (Doc. Nos. 106 and 113) are **DENIED**. Defendant's request for further hearing (Doc. No. 109) is deemed **MOOT**.

**IT IS SO ORDERED.**

Dated this 9th day of September, 2021.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court

4